THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE WICKERSHAM and CARTER WICKERSHAM,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, WENDY WILLETTE, KING COUNTY, and ROBERT NISHIMURA.<br><br>Defendants. | CASE NO. C13-1778-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to amend answer to complaint (Dkt. No. 28), Defendants State of Washington and Wendy Willette's motion to dismiss (Dkt. No. 27), and Defendants King County and Robert Nishimura's motion to dismiss (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motion to amend answer (Dkt. No. 28), and GRANTS in part and DENIES in part the motions to dismiss for the reasons explained herein.

I. BACKGROUND

Plaintiffs are suing the State of Washington, King County, and two individual officials for events that occurred on August 14, 2010. (Dkt. No. 13 at 2.) Plaintiffs allege that Defendant


Wendy Willette—and, eventually, Defendant Robert Nishimura—entered Plaintiffs' property and home without authority or permission, shot Plaintiffs' dog and prevented Plaintiffs from aiding the wounded dog, detained Plaintiff Joe Wickersham at gunpoint for an extended period of time, and were verbally abusive. (Dkt. No. 1 at 7–8.) Plaintiffs' complaint includes state-law allegations of trespass, conversion of chattels, assault, false arrest and false imprisonment, negligent or intentional infliction of emotion distress, negligence, negligent failure to supervise, and federal claims against the individual defendants under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution. (Dkt. No. 1 at 8-9.)

The case was originally filed in King County Superior Court on August 13, 2013. (*Id.*) Plaintiffs served the Clerk of the King County Council and the State of Washington on September 12, 2013. (Dkt. No. 13 at 2.) On October 2, 2013, King County and Defendant Nishimura removed the case to federal court under 28 U.S.C. § 1441, on the basis that there was a federal claim under 42 U.S.C. §1983. (Dkt. No. 1 at 1.) The State of Washington and Defendant Willette filed a consent to removal on October 3, 2013. (Dkt. No. 4.)

On January 29, 2014, Plaintiffs filed a "Praecipe to Issue Summons," asking the Court to "issue summons to defendants Wendy Willette and Robert Nishimura." (Dkt. No. 24.) Summons were not issued, and Plaintiffs never served individual defendants Nishimura or Willette with the complaint. (Dkt. No. 27 at 3.) Plaintiffs filed a second "Praecipe to Issue Summons" on May 15, 2014, and summons were issued as to Defendants Willette and Nishimura on May 16, 2014. (Dkt. Nos. 32, 33.) Defendant Willette was personally served with the summons and complaint on May 19, 2014, nearly four months after the deadline for service. (Dkt. No. 35.) The record does not indicate whether Defendant Nishimura has been served.

Defendants have filed three motions. Defendants State of Washington and Wendy Willette move to amend their answer to allege the affirmative defense of the statute of limitations. (Dkt. No. 28 at 1.) Defendants also move to dismiss certain state-law claims as time-barred, and to dismiss the claims against the individual defendants for insufficient service under

Fed. R. Civ. P. 12(b)(5). (Dkt. Nos. 27 at 2, 30 at 3.)

## II.  DISCUSSION

### A.  Motion to Amend Answer

In considering a motion to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants moved to amend well before the deadline for amendment of pleadings, Plaintiffs have not objected, and the Court can see no reason to deny the request. Accordingly, the Court GRANTS Defendants' motion to amend answer. (Dkt. No. 28.)

### B.  Claims for False Arrest and False Imprisonment

All parties agree that Plaintiffs' claims for false arrest and false imprisonment are barred by the two-year statute of limitations. *See* Wash. Rev. Code § 4.16.100(1); *Heckart v. City of Yakima*, 708 P.2d 407, 407 (Wash. Ct. App. 1985) (false-arrest and false-imprisonment claims both subject to two-year limitation period). (Dkt. No. 27 at 2; Dkt. No. 30 at 3; Dkt. No. 34 at 1.) The Court agrees and DISMISSES these claims.

### C.  Defendants' Motions to Dismiss Plaintiffs' Remaining Claims for Insufficient Service of Process

Defendants must generally be served within 120 days of the complaint being filed. Fed. R. Civ. P. 4(m). In an action removed from state court, the 120-day period to serve process runs from the date of removal to federal court, rather than the date the action was filed in state court. Fed. R. Civ. P. 81(c)(1); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (120-day period commences upon date of removal). A court must extend this period if the plaintiff shows good cause for failure to timely serve a defendant. *Efaw v. Williams,* 473 F.3d 1038, 1040–41 (9th Cir. 2007). Absent good cause, the Court has broad discretion to extend the time for service. *Id.* at 1041.

#### 1.  Mandatory Extension Under Rule 4(m)

"At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991). Inadvertent error or ignorance of the rules alone will not excuse the failure to serve. *See Townsel v. Contra Costa County,* 820 F.2d 319, 320 (9th Cir. 1987) (ignorance of rule did not constitute good cause); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (recognizing that "[t]he rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action.").

Plaintiffs have not demonstrated good cause. Defendants removed this case to federal court on October 2, 2013, and the State of Washington consented to the removal on October 3, 2013, giving Plaintiffs until January 31, 2014 to serve Defendants Willette and Nishimura under Rule 4(m). (Dkt. No. 1.) Plaintiffs argue that the Clerk's failure to issue the summons establishes good cause requiring an extension of time.[1]

Courts, however, have recognized that a clerk of court's failure to issue a summons promptly cannot by itself establish good cause. *See Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 958–59 (8th Cir. 2010) (the plaintiff's failure to follow up with clerk before deadline expired meant that clerk's error did not constitute good cause); *Milford v. Hodel*, 884 F.2d 1395, 1989 WL 106648 (9th Cir. 1989) (unpublished opinion) (clerk's failure to issue summons in timely manner did not suffice to establish good cause where the plaintiff had not been diligent); *Cody v. Computer Sci. Corp.*, 246 F.R.D. 22, 26-27 (D.D.C. 2007) (clerk's failure to issue summons for five months did not alone rise to level of good cause). "Finding good cause based on the clerk's error alone . . . would improperly shift the burden to effect service from the plaintiff to the clerk and undermine the purpose of Rule 4(m)." *Kurka*, 628 F.3d at 958–59.

---

[1] Plaintiffs argue that because Defendant State of Washington did not file the required joinder and consent in King County Superior Court, the removal was not actually effective and therefore the 120-day time limit for service under Rule 4(m) did not start to run until May 20, 2014. (Dkt. No. 34 at 4.) Plaintiffs give no reason for why the joinder and consent needed to be filed in state court. This novel argument, unsupported by authority or rule, does not suffice to establish good cause.

ORDER
PAGE - 4

Far from diligently pursuing service despite the clerk's failure, Plaintiffs demonstrated negligence at nearly every step of the proceedings. Plaintiffs waited until January 29, 2014—mere days before the deadline—to file their Praecipe to Issue Summons. (Dkt. No. 24.) They offer no explanation for why they waited so long to seek a summons from the Clerk, nor do they explain why they failed to request an extension of time when it should have been evident they would be unable to serve Defendants by the deadline. Even after Defendants pointed out the lack of service at the March status conference, Plaintiffs continued to ignore service and failed even to inquire with the Clerk. It was not until after Defendants filed their motions to dismiss that Plaintiffs again requested a summons, which was issued the next day. (Dkt. Nos. 32, 33.) Plaintiffs then served Defendant Willette but have still failed to serve Defendant Nishimura. (Dkt. No. 35.) In light of Plaintiffs' considerable delay and negligence, good cause has not been shown.

**2. Whether a Discretionary Extension is Warranted Under Rule 4(m)**

Absent a showing of good cause, district courts have broad discretion to extend the time for service. *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007). "In making extension decisions under Rule 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (internal quotation marks omitted). Considering these factors, the Court concludes that they favor dismissing the claims against Defendant Nishimura, who has still not been served, but allowing the claims to proceed against Willette, who was served.

The three-year statute of limitations would likely bar Plaintiffs from re-filing their trespass, outrage, and § 1983 claims because they filed these claims within days of the expiration of the statute of limitations. As the Ninth Circuit has recognized, a plaintiff is greatly prejudiced when the statute of limitations would prevent re-filing of the action. *See, e.g.*, *Lemoge v. United States,* 587 F.3d 1188, 1195 (9th Cir. 2009) (recognizing need to consider prejudice to defendant). This consideration carries even greater weight in § 1983 cases because of the

particular importance of resolving civil-rights cases on the merits. *See Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir. 1998) (citing *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987)).

Defendants Willette and Nishimura have had actual knowledge of this lawsuit through counsel since September 12, 2013, when co-defendants Washington State and King County were properly served. Both Willette and Nishimura appeared by counsel to answer Plaintiffs' complaint on October 9, 2013. (Dkt. Nos. 27 at 2, 8, 9.) There is thus no evidence of actual prejudice from the lack of service beyond the presumed injury caused by any unreasonable delay. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). However, although Defendant Willette was eventually served, Defendant Nishimura was not, even though two months ago Plaintiffs stated that they anticipated serving Defendant Nishimura with the summons and complaint "very shortly." (Dkt. No. 34 at 3.)

Considering the eventual service on Defendant Willette, her actual notice, the lack of actual prejudice, and the likely fatal bar of the statute of limitations, the Court declines to dismiss the claims against Defendant Willette. Defendant Willette's motion to dismiss for failure to serve is therefore DENIED. (Dkt. No. 27.) Given Plaintiffs' negligence and the fact that Defendant Nishimura has still not been served, the Court GRANTS Defendant Nishimura's motion to dismiss. (Dkt. No. 30.)

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to amend answer (Dkt. No. 28) is GRANTED. Defendants' motions to dismiss (Dkt. Nos. 27, 30) are GRANTED in part and DENIED in part. Plaintiffs' false imprisonment and false arrest claims in this action are DISMISSED with prejudice. The claims against Defendant Nishimura are DISMISSED without prejudice.

//

//

1     DATED this 5th day of August 2014.

                                                      John C. Coughenour
                                                     UNITED STATES DISTRICT JUDGE